UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNN TILTON and
PATRIARCH PARTNERS XV, LLC,

                                    Plaintiffs,

                    -against-

MBIA INC. and
MBIA INSURANCE CORPORATION,

                                    Defendants.

Case No. _____

**NOTICE OF REMOVAL**

Removed from:

Supreme Court of the
State of New York,
Index No. 68880/2015

**TO:**          Clerk of the United States District Court for the Southern District of New York:

         Pursuant to 28 U.S.C. §§ 1334(b), 1441(a), 1446(b)(3) and 1452, Defendants

MBIA Inc. and MBIA Insurance Corporation (collectively, "MBIA"), by and through their

counsel, Cadwalader, Wickersham & Taft LLP, hereby file this Notice of Removal for the

purpose of removing this action from the Supreme Court of the State of New York, Westchester

County, to be referred to the United States Bankruptcy Court for the Southern District of New

York (the "New York Bankruptcy Court") pursuant to that certain Amended Standing Order of

Reference, dated January 31, 2012, and thereafter for ultimate transfer to the United States

Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), to be heard

in connection with those certain related chapter 11 cases pending as *In re Zohar III, Corp. et al.*,

jointly administered as Case No. 18-10512 (KBO) (the "Zohar Bankruptcy Cases").  In support

of removal, MBIA states as follows:

**PROCEDURAL HISTORY AND BACKGROUND**

         1.        On or about November 2, 2015, Plaintiffs Lynn Tilton and her affiliate

Plaintiff Patriarch Partners XV, LLC ("Patriarch XV," and together with Ms. Tilton, collectively,

"Plaintiffs") filed a complaint against MBIA in the Supreme Court of the State of New York, Westchester County, Index No. 68880/2015 (the "Westchester Action"), asserting claims against MBIA with respect to Plaintiffs' alleged purchase of certain notes issued by an entity called Zohar CDO 2003-1, Ltd. ("Zohar I"). It is the Westchester Action that is hereby removed. Plaintiffs filed an amended complaint in the Westchester Action on January 15, 2016 (the "Westchester Complaint"). In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders in the Westchester Action are attached hereto as Exs. 1-47, including a copy of the Westchester Complaint, attached hereto as Ex. 7.

2.      At the outset of this case, Plaintiffs could have commenced the Westchester Action in federal court on the basis of diversity jurisdiction. Ms. Tilton is a citizen and resident of Florida. Plaintiff Patriarch Partners XV, LLC is wholly owned, through affiliated entities, by Ms. Tilton and likewise is a citizen of Florida for purposes of diversity jurisdiction. MBIA Inc. is a Connecticut corporation with its executive offices in Purchase (Westchester County), New York. MBIA Insurance Corporation is a monoline insurance company incorporated in New York and has its executive offices in Purchase (Westchester County), New York. Notwithstanding this independent basis for federal court jurisdiction over the Westchester Action, MBIA was precluded from removing the Westchester Action on diversity grounds because Defendants are citizens of the state in which the Westchester Action was filed. *See* 28 U.S.C. § 1441(b).

3.      Zohar I, along with Zohar II 2005-1, Ltd. ("Zohar II") and Zohar III, Ltd. ("Zohar III," and together with Zohar I and Zohar II, collectively, the "Zohar Funds"), are three collateral loan obligation funds formed by Ms. Tilton in 2003, 2005 and 2007, respectively. *See* Ex. 7 (Westchester Compl. ¶ 1). They issued notes to investors in exchange for cash, which the Zohar Funds used to acquire loans or other collateral assets that, in turn, were intended to

generate cash flow for payments of principal and interest owed by the Zohar Funds' on their investors' notes.  *Id.* ¶¶ 38-40.  For example, Zohar I issued $532 million of Class A notes, consisting of three "A-1," "A-2" and "A-3" sub-classes.  *Id.* ¶ 44.  The Zohar Funds' collateral assets principally consist of secured loans to certain corporations and limited liability companies and equity interests held by the Zohar Funds in such entities (the "Portfolio Companies").  *Id.* ¶ 39.

4.    MBIA acted as a credit enhancer for Zohar I and Zohar II, providing those two Zohar Funds (the "Insured Zohar Funds") with financial insurance policies covering certain notes issued by the Insured Zohar Funds.  *See Id.* ¶ 49.  MBIA did not issue a financial guaranty insurance policy in connection with Zohar III.  MBIA's insurance policies guaranteed the payments of principal and interest owed by the Insured Zohar Funds to their senior noteholders in the event the Insured Zohar Funds defaulted on their payment obligations on their respective note maturity dates.  *Id.* ¶¶ 45-47.  With respect to Zohar I, MBIA insured the A-1 and A-2 notes, but did not insure the A-3 notes.  *Id*.

5.    All outstanding principal and interest owed on the Zohar I Class A notes was due to be repaid on November 20, 2015 (the "Note Maturity Date").  *Id.* ¶¶ 6, 52.  On the Zohar I Note Maturity Date, Zohar I defaulted on its payment obligations, and MBIA paid approximately $149 million in claims on its Zohar I financial guaranty.  Zohar II likewise defaulted on its payment obligations to noteholders.  On the Zohar II Class A note maturity date of January 20, 2017, MBIA paid approximately $770 million in claims on its Zohar II financial guaranty.

6.    The Westchester Complaint seeks damages from MBIA based on Plaintiffs' purchase of the uninsured Zohar I A-3 notes.  In March 2015, Plaintiffs purchased $350 million face amount Zohar I A-3 notes from the existing noteholder for approximately $104

million.  *See* Ex. 7 (Westchester Compl.) ¶¶ 89-96.  Plaintiffs allege that MBIA induced them to purchase those notes based on a false oral promise that MBIA would agree to extend the Zohar I Note Maturity Date.  *Id.*  The Westchester Complaint also alleges that MBIA's refusal to agree to extend the Note Maturity Date ensured that Zohar I would default on its note payment obligations.  *Id.* ¶ 123.  The Westchester Complaint further alleges that Zohar I's payment default on the Note Maturity Date resulted in a reduction in value of the A-3 notes and caused Plaintiffs' damages.  *Id.* ¶¶ 123-25.

7.      On March 11, 2018 (the "Petition Date"), Plaintiff Ms. Tilton (as the sole director of the Zohar Funds) caused the Zohar Funds to file in the Delaware Bankruptcy Court voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Zohar Bankruptcy Cases are currently pending before Honorable Karen B. Owens, United States Bankruptcy Judge.

8.      On or around the Petition Date, Ms. Tilton caused the Zohar Fund Debtors to file a Notice of Commencement of Chapter 11 Cases and Automatic Stay in certain litigations pending at that time concerning the Zohar Funds.  *E.g.*, Ex. 48 (Notice filed in *Zohar CDO 2003-1 Ltd. v. Patriarch Partners, LLC*, No. 17-cv-00307 (S.D.N.Y. Mar. 12, 2018)) (Pauley, J.)).  Such filings provided the presiding courts with notices that such cases were subject to the automatic stay imposed by 11 U.S.C. § 362(a).  Neither Ms. Tilton nor the Zohar Fund Debtors filed such a notice in the Westchester Action, which involves state law claims brought by the non-debtor Plaintiffs against non-debtor MBIA.

9.      On May 21, 2018, the Delaware Bankruptcy Court entered an order approving a settlement agreement between Ms. Tilton, MBIA and other parties thereto, which settlement agreement included a stay of all litigation, motion practice and other contested proceedings, expressly including the Westchester Action, for a period of 15 to 18 months subject

to the occurrence of certain events as set forth in the settlement agreement.  *See* Ex. 49 (Order Approving and Authorizing the Settlement Agreement By and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class (the "Settlement Order")).  In accordance with the Settlement Order and settlement agreement attached as Exhibit A thereto (the "Settlement Agreement"), MBIA and Ms. Tilton advised the Honorable Gretchen Walsh of the New York Supreme Court,[1] Westchester County, Commercial Division, of the agreed-upon stay of the Westchester Action.  On June 11, 2018, Justice Walsh entered a Stipulation and Order For Stay Of Proceedings in the Westchester Action pursuant to New York Civil Practice Law & Rules § 2201 (the "Westchester Stay Order," attached hereto as Exhibit 46).  The Westchester Stay Order provided that the Westchester Action would be reinstated upon notice by Plaintiffs to the court that the stay under the Settlement Agreement had expired.  *Id.*  The stay of litigation under the Settlement Agreement expired at 5:00 E.T. on September 30, 2019.  Thereafter, on October 11, 2019, Plaintiffs filed a notice of reinstatement of the Westchester Action pursuant to the Westchester Stay Order.  *See* Ex. 47 attached hereto.

10.     On October 1, 2019, one day after the expiration of the Settlement Agreement's litigation stay, Plaintiffs and other Tilton-affiliated entities, including Patriarch XV (collectively, the "Bankruptcy Plaintiffs"), commenced an adversary proceeding in the Zohar Bankruptcy Cases against MBIA and certain other Zohar creditors.  A copy of the adversary proceeding complaint filed in the Zohar Bankruptcy Cases is attached hereto as Ex. 50 (the "Delaware Bankruptcy Complaint").  The Delaware Bankruptcy Complaint requests that the

---

[1]    Justice Walsh was assigned to the Westchester Action on January 8, 2018, following the elevation of the Honorable Alan D. Scheinkman to the New York Appellate Division, Second Department.  The parties did not appear before Justice Walsh before the Westchester Action was stayed, and Justice Walsh did not issue any substantive rulings or orders in the case.

Delaware Bankruptcy Court equitably subordinate the claims of the defendant creditors (including MBIA) against the Zohar Funds' bankruptcy estates and give priority to those claims of the Bankruptcy Plaintiffs (including Ms. Tilton and Patriarch XV). Ex. 50 (Del. Bankr. Compl.) ¶¶ 244-46. In that regard, the Delaware Bankruptcy Complaint alleges that Plaintiffs Ms. Tilton and Patriarch XV hold claims against the Zohar I bankruptcy estate based on, among other interests, the more than $286 million outstanding amounts owed by Zohar I on its class A-3 notes. *Id.* ¶ 16.

11.     The Delaware Bankruptcy Complaint alleges that "MBIA and the other Defendants engaged in inequitable and unfair conduct that caused harm to the Plaintiffs." *Id.* ¶ 245. For example, Ms. Tilton alleges that MBIA "engaged in a years-long pattern of inequitable conduct towards Plaintiffs, including but not limited to . . . MBIA's misrepresentations relating to Ms. Tilton's purchase of the Zohar I A-3 notes for nearly $104 million in March 2015." *Id.* ¶ 233 (citing additional factual allegations at issue in the Westchester Action at paragraph numbers 93-123 of the Delaware Bankruptcy Complaint). Accordingly, the relief sought in the Delaware Bankruptcy Complaint with respect to the Bankruptcy Plaintiffs' claims on the Zohar I A-3 notes is predicated on, among other things, the very same conduct alleged in the Westchester Action.

12.     On October 1, 2019, Plaintiffs' counsel sent to MBIA's counsel via email a copy of the Delaware Bankruptcy Complaint. MBIA now files this Notice of Removal.

## GROUNDS FOR REMOVAL

13.     Section 1441(a) of Title 28 provides, in part, that a party may remove any civil action brought in a State court for which the district courts of the United States have original jurisdiction. Likewise, Section 1452 of Title 28 provides, in part, that a party may

remove to the district court any claim or cause of action brought in a state court civil action if

such district court has jurisdiction pursuant to Section 1334 of Title 28.

14.     In turn, Section 1334(b) of Title 28 provides, in pertinent part, that a

district court shall have original jurisdiction of all civil proceedings that "arise under," "arise in"

or are "related to" cases commenced under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

15.     Following Ms. Tilton's filing of the Delaware Bankruptcy Complaint, the

Westchester Action became "related to" the Zohar Bankruptcy Cases under 28 U.S.C. § 1334(b),

and, therefore, is now removable under 28 U.S.C. §§ 1441(a) and 1452.

16.     The Supreme Court has held that Section 1334 provides a broad grant of

jurisdiction to bankruptcy courts, as "'Congress intended to grant comprehensive jurisdiction to

the bankruptcy courts so that they might deal efficiently and expeditiously with all matters

connected with the bankruptcy estate.'" *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)

(quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).  "In the Second Circuit . . .

'related to' bankruptcy jurisdiction exists in any civil action where the outcome 'might have any

conceivable effect on a bankruptcy estate.'" *Bayerische Landesbank v. Deutsche Bank AG* (*In re

Residential Cap., LLC),* 488 B.R. 565, 572 (Bankr. S.D.N.Y. 2013) (quoting *Publicker Indus.

Inc. v. United States* (*In re Cuyahoga Equip. Corp.*), 980 F.2d 110, 114 (2d Cir. 1992)).  The

applicable standard in the Third Circuit — where the Zohar Bankruptcy Cases to which the

removed Westchester Action is related — is essentially the same.  *See Pacor,* 743 F.2d at 994

(the test for "related to" jurisdiction is "whether the outcome of that proceeding could

conceivably have any effect on the estate being administered in bankruptcy") (emphasis

omitted).  "'Certainty, or even likelihood, is not required'" to have a "'conceivable effect' on a

bankruptcy estate." *In re Residential Cap.,* 488 B.R. at 572-73 (quoting *Winstar Holdings, LLC

v. Blackstone Grp. L.P.*, No. 07 Civ. 4634, 2007 WL 4323003, at *1 n.1 (S.D.N.Y. Dec. 10,

2007)).  The "conceivable effect" test is met "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Celotex*, 514 U.S. at 308 n.6.

> 17.    In accordance with the foregoing, a state court action between non-debtor parties is "related to" a proceeding brought under the Bankruptcy Code where a non-debtor's recovery in the state court action conceivably could alter the amount of its recovery as a creditor against a bankruptcy estate.  In that regard, the Westchester Action is "related to" the Zohar Bankruptcy Cases for purposes of federal court jurisdiction because a judgment on Plaintiffs' claims in the Westchester Action conceivably could reduce the amount of their claims against the Zohar I bankruptcy estate.  The Delaware Bankruptcy Complaint alleges that Plaintiffs "hold[] no less than $286,445,355 in principal amount owing under the Class A-3 Notes issued by Zohar I."  Ex. 50 (Del. Bankr. Compl.) ¶ 16; *see also id.* ¶ 11 (alleging harm from conduct "damaging the $896 million of secured Zohar Fund notes held by Plaintiffs").  In the Westchester Action, Plaintiffs simultaneously seek approximately $104 million in damages purportedly caused by the Zohar I A-3 notes' alleged reduction in value after MBIA purportedly did not agree to an extension of the Note Maturity Date and Zohar I defaulted on its note payment obligations.  Ex. 7 (Westchester Compl.) ¶¶ 130, 132, 139, 141, 152.  Ms. Tilton cannot obtain double recovery on both her damages claims in the Westchester Action and her equitable subordination claim in the Zohar Bankruptcy Cases.  *See  ABF Cap. Mgmt. v. Kidder Peabody & Co. (In re Granite Partners, L.P.)*, 210 B.R. 508, 517 (Bankr. S.D.N.Y. 1997) ("a plaintiff cannot recover damages and obtain equitable subordination for the same wrong").  Accordingly, any recovery by Plaintiffs in the Westchester Action will reduce their available recovery under the Delaware Bankruptcy Complaint against the Zohar I estate.

18.    Additionally, a state court action between non-debtor parties is "related to" a proceeding brought under the Bankruptcy Code where a judgment in the state proceeding conceivably could alter the priority of the bankruptcy estate's distributions.  Here, as expressly requested by the Bankruptcy Plaintiffs, a ruling in the Westchester Action regarding MBIA's alleged conduct conceivably could cause the Delaware Bankruptcy Court to subordinate MBIA's claims against the Zohar bankruptcy estates to Plaintiffs' claims.  The Delaware Bankruptcy Complaint seeks to prioritize the Bankruptcy Plaintiffs' estate claims over those of MBIA and other creditors, based in part on Plaintiffs' purportedly fraudulently induced purchase of the Zohar I A-3 notes.  For example, the Delaware Bankruptcy Complaint alleges as follows:

- "Ms. Tilton therefore never would have bought the uninsured A-3 Notes only eight months before default unless MBIA had induced her to do so" (Ex. 50 (Del. Bankr. Compl.) ¶¶ 123);

- "MBIA induced Plaintiffs into purchasing the notes by misrepresenting that MBIA would consent to an extension" (*id.* ¶ 125); and

- Bankruptcy Plaintiffs suffered "harm as a result of Defendants' inequitable conduct" and Plaintiffs "interest in the equitable subordination of Defendants' [bankruptcy] claims" because they "hold over $896 million of secured notes issued by the Debtors," including the A-3 notes (*id.* ¶¶ 239-40).

The Westchester Complaint alleges the same facts that the Delaware Bankruptcy Court must resolve to determine if the Bankruptcy Plaintiffs are entitled to subordination of MBIA's estate to their claims as creditor.  *E.g.*, Ex. 7 (Westchester Compl.) ¶¶ 129-30 (Plaintiffs' fraud cause of action alleges "MBIA made these false representations to induce Plaintiffs to purchase the Class A-3 Notes" and "[i]n reliance on MBIA's false representations, Plaintiffs purchased the Class A-3 Notes for more than $103 million").  Accordingly, adjudication of Plaintiffs' claims in the Westchester Complaint could conceivably alter the priority of Zohar bankruptcy estate distributions to MBIA, relative both to Plaintiffs and other creditors who are not parties to the Westchester Action.

19.    Further, federal bankruptcy courts are best suited to adjudicate equitable subordination claims together with closely intertwined state law claims because litigating them separately risks disrupting the administration of the bankruptcy estate.  Equitable subordination is a right conferred under the Bankruptcy Code, and such claims must be adjudicated in bankruptcy courts.  *See* 11 U.S.C. § 510(c); *see also Picard v. Avellino (In re Bernard L. Madoff Inv. Sec. LLC)*, 557 B.R. 89, 127 (Bankr. S.D.N.Y. 2016) ("A claim of equitable subordination arises under 11 U.S.C. § 510(c) rather than under non-bankruptcy law"); *Lightsway Litig. Servs., LLC v. Yung (In re Tropicana Entm't, LLC)*, 520 B.R. 455, 462 (Bankr. D. Del. 2014) ("The equitable subordination claim in the Amended Complaint is a core proceeding that 'arises under' the Bankruptcy Code, specifically § 510(c)").  Here, the claims in the Delaware Bankruptcy Complaint with respect to Plaintiffs' purchase of the A-3 notes are inextricably intertwined with those in the Westchester Complaint.  For example, both pleadings contain nearly identical factual allegations with respect to MBIA's and Ms. Tilton's communications during the relevant 2012 to 2015 time period, Ms. Tilton's and her advisors' efforts to seek a refinancing of the Zohar Funds in advance of the Note Maturity Date, Plaintiffs' bid for and purchase of the Zohar I A-3 notes and Plaintiffs' alleged injury.  *See* Ex. 7 (Westchester Compl.) ¶¶ 68-107, 122-25; Ex. 50 (Del. Bankr. Compl.) ¶¶ 97-137.  These allegations provide the same factual predicate for Plaintiffs' fraud claim in the Westchester Complaint and the equitable subordination claim in the Delaware Bankruptcy Complaint.  However, given that equitable subordination is unique to bankruptcy, the Delaware Bankruptcy Court is the only forum that may consider the alternative forms of relief sought in the Westchester Complaint and the Delaware Bankruptcy Complaint, and litigating these largely duplicative allegations in two different courts would risk inconsistent rulings that could severely prejudice the Zohar Fund Debtors and their creditors, including MBIA and Plaintiffs.

20.    In that regard, in the United States District Court for the Southern District of New York, *Zohar CDO 2003-1 Ltd. v. Patriarch Partners, LLC*, No. 17-cv-00307 (S.D.N.Y.)) (Pauley, J.) (the "RICO Action"), the Plaintiffs and their affiliates filed a third-party complaint against MBIA alleging that MBIA's purported inducement of Plaintiffs' purchase of the Zohar I A-3 notes was an integral part of a multi-year scheme to wrest control from Ms. Tilton of the Zohar Funds and their collateral assets.  Plaintiffs and their affiliates seek damages in the RICO Action resulting from the alleged multi-year scheme based in part on factual allegations that are nearly identical to allegations in the Westchester Action, as well as to those in the Delaware Bankruptcy Complaint.

21.    Moreover, litigating claims based on the same set of facts in two different jurisdictions, under a different set of legal and equitable principles for each, would not promote the interests of justice.  The Westchester Action was commenced in a state court of law.  The Zohar Bankruptcy Cases are proceeding in a federal bankruptcy court where the presiding judge is being asked to apply an equitable remedy under the Bankruptcy Code.  Removal and adjudication of the Westchester Complaint and the Delaware Bankruptcy Complaint together is the only way to avoid a waste of judicial and party resources.

**COMPLIANCE WITH REMOVAL PROCEDURES**

22.    Section 1446(b) of Title 28 provides, in pertinent part, that cases that are not removable based on the initial pleading, may be removed within 30 days after receipt of an "amended pleading, motion, order or other paper" from which it may first be ascertained that the case "is or has become removable."  28 U.S.C. § 1446(b)(3)

23.    The Delaware Bankruptcy Complaint was filed under seal on October 1, 2019.  MBIA received an unredacted copy of the Delaware Bankruptcy Complaint via email on that same date.  Prior to the Bankruptcy Plaintiffs' filing of the Delaware Bankruptcy Complaint,

the Westchester Action did not "relate to" the Zohar Bankruptcy Cases. For the reasons set forth herein, however, the Westchester Action became related to the Zohar Bankruptcy Cases as a result of the filing of the Delaware Bankruptcy Complaint. Thus, the Delaware Bankruptcy Complaint is an "other paper" for purposes of 28 U.S.C. § 1446(b)(3).

24.     In accordance with 28 U.S.C. § 1446(b)(3), MBIA has timely filed this Notice of Removal within 30 days of receipt of the Delaware Bankruptcy Complaint, from which paper MBIA first ascertained that the Westchester Action had become removable.

25.     Pursuant to 28 U.S.C. § 1446(d), MBIA will file a copy of this Notice of Removal with the Clerk of the Court for the Supreme Court of the State of New York, Westchester County. It also will promptly serve a copy of this Notice of Removal on counsel for Plaintiffs Ms. Tilton and Patriarch Partners XV, LLC in the removed case.

26.     Pursuant to 28 U.S.C. § 1446(a), venue for removal is proper in this Court as the division within which the state court action was brought.

27.     Accordingly, MBIA removes the Westchester Action to this Court under 28 U.S.C. §§ 1441(a), 1446(b)(3) and 1452, pursuant to the jurisdiction of this Court under 28 U.S.C. § 1334(b), as a civil proceeding arising under, arising in or related to cases under the Bankruptcy Code, namely, the Zohar Bankruptcy Cases.

28.     MBIA reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, notice is hereby given that the action is removed from the Supreme Court of New York, Westchester County, to the United States District Court for the Southern District of New York for reference to the United States Bankruptcy Court for the Southern District of New York and ultimate transfer to the United States Bankruptcy Court for the District of Delaware.

-13-

Dated:      New York, New York
            October 21, 2019

                                      CADWALADER, WICKERSHAM & TAFT LLP


                                      By:/s/ Jonathan M. Hoff_____
                                                Jonathan M. Hoff
                                                Joshua P. Arnold

                                      200 Liberty Street
                                      New York, New York 10281
                                      Telephone:  (212) 504-6000
                                      Facsimile:  (212) 504-6666
                                      jonathan.hoff@cwt.com
                                      joshua.arnold@cwt.com

                                      *Attorneys for Defendants MBIA Inc. and
                                      MBIA Insurance Corporation*