# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

BY ECF

October 30, 2019

Hon. William H. Pauley III
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007

Re:    *Tilton v. MBIA*, No. 19-cv-09733 (S.D.N.Y.)

Dear Hon. William H. Pauley III:

I am writing as counsel for defendants MBIA Inc. and MBIA Insurance Corp. (collectively "MBIA") in the above-referenced action, which MBIA removed to this Court from New York Supreme Court, Westchester County (the "Westchester Action"). On October 30, 2019, Your Honor accepted the Westchester Action as a case related to an action currently pending before the Court involving certain of the same parties and the same collateral loan obligation transactions (the "Zohar Funds") at issue in the Westchester Action. That possibly related case pending before the Court is captioned, *Zohar CDO 2003-1 v. Patriarch Partners, LLC*, No. 17-cv-00307 (WHP) (the "RICO Action"). In the RICO Action, the Court has set a briefing schedule and hearing date of January 23, 2020 in connection with the Zohar Funds' anticipated motion to transfer that Action to the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). *See* RICO Action Dkt. No. 146 (Scheduling Order, dated October 8, 2019).

MBIA submits this letter pursuant to Rule III.A.i of Your Honor's Individual Practices requesting a pre-motion conference in anticipation of its request to file a motion to transfer the Westchester Action to the Delaware Bankruptcy Court. As the Court is likely aware from the parties' status reports and the October 7, 2019 hearing in the RICO Action, in March 2018, Plaintiff Lynn Tilton caused the Zohar Funds to file voluntary petitions in the Delaware Bankruptcy Court for relief under Title 11 of the United States Code.

A.    **Background**

In the Westchester Action, Plaintiffs Tilton and one of her Patriarch Partners affiliates (collectively, "Patriarch" or "Plaintiffs") seek damages from MBIA alleging that, between 2012 and 2015, MBIA made false oral promises that induced Plaintiffs to purchase certain uninsured Zohar-issued notes. Plaintiffs could have commenced the Westchester Action in federal court on the basis of diversity jurisdiction.  MBIA was precluded from removing the Westchester Action on diversity grounds

Jonathan M. Hoff   Tel +1 212 504-6474   Fax +1 212 504-6666   jonathan.hoff@cwt.com

CADWALADER

because MBIA Inc. and MBIA Insurance Corp. are citizens of the state in which the Westchester Action was filed. *See* 28 U.S.C. § 1441(b).

On October 1, 2019, Plaintiffs and their affiliates commenced an adversary proceeding in the Delaware Bankruptcy Court against MBIA and certain other Zohar creditors (the "Delaware Bankruptcy Complaint"). The Delaware Bankruptcy Complaint seeks to equitably subordinate MBIA's claims against the Zohar Funds' bankruptcy estates and to elevate the priority of Plaintiffs' own bankruptcy estate claims above MBIA's otherwise senior claims. In that regard, the Delaware Bankruptcy Complaint alleges that Plaintiffs hold bankruptcy claims against the Debtor Zohar Funds based on, among other interests, outstanding amounts owed on the Zohar notes they purchased as a result of MBIA's alleged false promises at issue in the Westchester Action.

On October 21, 2019, MBIA removed the Westchester Action to this Court on the ground that, following Plaintiffs' filing of the Delaware Bankruptcy Complaint, the Westchester Action is related to the Zohar bankruptcy cases under 28 U.S.C. § 1334(b). As in the RICO Action, plaintiffs in the Delaware Bankruptcy Complaint allege that MBIA engaged in a scheme to improperly wrest control of both the Zohar Funds and Patriarch's purported equity ownership of the Zohar portfolio companies. Part of that alleged scheme — MBIA's purported fraudulent inducement of Plaintiffs' purchase of the Zohar notes — is based on nearly identical factual allegations that are at issue in the Westchester Action. For example, the Westchester Action complaint and the Delaware Bankruptcy Complaint both contain nearly identical factual allegations with respect to MBIA's and Ms. Tilton's communications during the relevant 2012 to 2015 time period, Ms. Tilton's and her advisors' efforts to seek a refinancing of the Zohar Funds in advance of the Note Maturity Date, Plaintiffs' bid for and purchase of the Zohar I A-3 notes and Plaintiffs' alleged injury. By filing the Delaware Bankruptcy Complaint, Plaintiffs effectively amended their claims in the Westchester Action to seek equitable subordination as an alternative remedy to damages based on the same alleged underlying conduct by MBIA, thereby litigating the same claims in two jurisdictions but seeking one remedy in New York and an alternative remedy in Delaware.

**B.  MBIA's Applications For Leave Of Court**

MBIA's anticipated motion would request that this Court transfer the Westchester Action to the Delaware Bankruptcy Court pursuant to 28 U.S.C. § 1412 in the interests of justice and for the convenience of the parties. As set forth above, the allegations in the Westchester Action are substantially the same as allegations in the Delaware Bankruptcy Complaint, and transfer to the forum where the related bankruptcy is pending (which has exclusive jurisdiction over Plaintiffs' equitable subordination claims) will promote efficiency and judicial economy. Centralizing the dispute regarding MBIA's alleged fraudulent inducement of Plaintiffs' purchase of the Zohar notes in the Delaware Bankruptcy Court will avoid needless waste of judicial and party resources and the risk of inconsistent rulings. Convenience of the parties further supports transfer because, as a result of Plaintiffs' commencement of the Delaware Bankruptcy Complaint, they will be litigating these same issues in Delaware in any event.

CADWALADER

We note that on October 25, 2019, Patriarch's counsel submitted a letter to the Court in the RICO Action stating Plaintiffs' intention to move to remand the Westchester Action to state court. It is MBIA's position that the Court can and should transfer the Westchester Action without having to address Plaintiffs' motion to remand. With the Court's permission, MBIA is prepared to discuss a briefing schedule with Plaintiffs, to propose to the Court for its approval, that would provide for the completion of briefing on the parties' competing motions to transfer or remand the Westchester Action so that argument on those motions could be heard on the same date as argument on the Zohar Funds' motion to transfer the RICO Action to the Delaware Bankruptcy Court, if such a schedule is convenient for the Court.

We further note that in May 2018, the Westchester Action (along with the RICO Action and other Zohar-related litigations) was stayed as a result of the parties' settlement agreement entered in the Delaware Bankruptcy Court. In light of the agreed-upon stay, the state court entered a stipulated order providing that the parties' previously-filed motions for summary judgment in the Westchester Action "shall be withdrawn without prejudice" and "may be re-filed within 30 days of the expiration" of the litigation stay. See Westchester Action Dkt. # 1-46 (the "State Court Order"). The settlement agreement stay expired on September 30, 2019, which triggered a 30-day period for the parties to re-file their withdrawn summary judgment motions. In the event that the Court determines that the State Court Order remains in effect, out of an abundance of caution, MBIA would request a pre-motion conference pursuant to Rule III.A.i of Your Honor's Individual Practices in connection with its anticipated motion for summary judgment. See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 370 (S.D.N.Y. 2006) (court has established a uniform practice of tolling motion deadlines upon filing of a pre-motion request for conference required by court rules, and such motion would have been timely had such request been made). In that regard, MBIA notes that the Court's rules expressly prohibit MBIA from actually filing a motion for summary judgment without first seeking a pre-motion conference.[1]

We are available at the Court's convenience to participate in a conference regarding any of the matters addressed herein. We thank the Court for its time and consideration.

Respectfully submitted,

Jonathan M. Hoff

cc: Randy M. Mastro
    Robert F. Serio

---

[1] MBIA's anticipated motion for summary judgment would seek summary judgment with respect to both of Plaintiffs' remaining claims for fraud and promissory estoppel. MBIA's motion would be based on its contention that the credible, undisputed facts establish that Plaintiffs cannot demonstrate any of the elements of their claims, specifically, that (1) Defendants never made a false promise; (2) Plaintiffs did not reasonably rely on any alleged promise; (3) there is no evidence of scienter; (4) Plaintiffs cannot and do not demonstrate "out-of-pocket" damages as required under New York law.